# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

MELINDA DELISLE, JACQUES DELISLE, ADAM DELISLE, BRYAN IRVIN, CHARLES CELLA, DEBORAH CELLA, MARY CAY CURRAN, ELIZA HARDY JONES, KRISTA NELSON, EILEEN MCGOVERN, CEDRIC HARDY,

        Petitioners

        v.

KATHY BOOCKVAR, IN HER CAPACITY AS SECRETARY OF THE COMMONWEALTH OF PENNSYLVANIA; AND JESSICA MATHIS, IN HER CAPACITY AS DIRECTOR OF THE BUREAU OF ELECTION SERVICES AND NOTARIES OF THE PENNSYLVANIA DEPARTMENT OF STATE,

        Respondents

: No. 95 MM 2020
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

## CONCURRING STATEMENT

**JUSTICE WECHT**                **FILED May 29, 2020**

I join the Court's decision to transfer the Petition for Review to the Commonwealth Court for disposition. The statute that conferred exclusive original jurisdiction upon this Court to hear constitutional challenges revoked that jurisdiction at the expiration of 180 days, and there is no question that Petitioners herein filed their petition outside that time limit. Moreover, Petitioners fail to assert a compelling basis for exercising our oft-invoked, seldom-granted King's Bench authority.

Petitioners raise valid and serious concerns, but they elected to pursue relief under fact-intensive constitutional theories requiring a great deal of speculation that generally lie outside this Court's purview, particularly when the time allotted for a satisfactory resolution is vanishingly brief, which was the basis of our recent rejection of a very similar challenge. *See Disability Rights Pennsylvania v. Boockvar*, ___ A.3d ___, 83 MM 2020, 2020 WL 2507661 (Pa. May 15, 2020) (Wecht, J., concurring). But while speculative, under the current extraordinary circumstances, the potential for impairment of the ability of voters to cast a valid ballot by mail is real and substantial, and the stakes are high. The unlikely event of a tragic and unfortunately timed global pandemic undoubtedly has strained the local bureaucracies tasked with ensuring the timely processing of absentee and mail-in ballots and foisted unanticipated burdens upon a beleaguered United States Postal Service. Moreover, it cannot be gainsaid that there is no *post hoc* remedy sufficient to cure the arbitrary deprivation of the "right of suffrage," which "is a fundamental matter in a free and democratic society." *Reynolds v. Sims*, 377 U.S. 533, 561-62 (1964). Nonetheless, this Court must be cautious to avoid overstepping its bounds imprudently and in defiance of legislative intent, as reflected in Point 1 of the *per curiam* order that this statement accompanies. Of necessity, then, the Commonwealth Court's ruling upon remand necessarily will be limited to the vicissitudes of the moment.

And this is only the primary. Given the stakes of a quadrennial presidential election, in the event that present hardships persist as November's general election approaches, it would be incumbent upon the courts to entertain anew any and all claims that are raised in due course. Not only may variations upon the present challenges find more purchase as circumstances evolve; other challenges could emerge. Consideration of any such challenges must await another day.